UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Fortune

       v.                                     Case No. 23-cv-286-LM

New Hampshire Department of
Corrections Director of Medical Services
and Director of Dental Services

**REPORT AND RECOMMENDATION**

Before the court is New Hampshire Department of Corrections ("DOC") prisoner John Fortune's filing (Doc. No. 1), construed to be the complaint in this action, which is here for preliminary review under 28 U.S.C. § 1915A and LR 4.3(d)(1).

**Preliminary Review Standard**

The court conducts a preliminary review of complaints filed by prisoners seeking relief from government agents. See LR 4.3(d)(1); see also 28 U.S.C. § 1915A. In considering whether the complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in the plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28

U.S.C. § 1915A(b); LR 4.3(d)(1)(A).  Because Mr. Fortune is proceeding pro se, the court construes his filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**Background**

Mr. Fortune asserts that he is a prisoner with dental health problems at the Northern New Hampshire Correctional Facility ("NCF"), where there is no regular dentist.  Mr. Fortune asserts he has twice had an infection in the same tooth over the last several months and that he suffers severe pain.  He has been told that his tooth must come out.  He asserts that his appointments have been cancelled, and he has received no notice of new appointments, and that the delay in treating his tooth has resulted from the lack of a regular dentist at NCF.

The defendants named here are supervisory prison officials who are responsible for medical and dental health services for NCF prisoners.  The Complaint asserts that Mr. Fortune grieved his claim to them about his painful, infected tooth, his prescribed need for an extraction, and the delay in scheduling that procedure for him.  Construed liberally, the complaint alleges that the defendants knew about his serious dental health needs and have not taken the steps needed to ensure he is seen by a dentist who can perform the extraction that has been prescribed, resulting in continuing pain and recurrent infections in that tooth.

Mr. Fortune's complaint asserts the following Eighth Amendment claim for relief under 42 U.S.C. § 1983:

> 1. The Defendant prison officials have violated Mr. Fortune's Eighth Amendment rights, in that -- with deliberate indifference to the delay in treating Mr. Fortune's serious dental health needs -- they have failed to ensure that a dentist is available to extract his diseased tooth or otherwise provide him with treatment for his serious dental health needs, relating to that tooth.

The relief requested includes an injunction, directing defendants (in their official capacities) to arrange for dental surgery for Mr. Fortune's diseased tooth or other necessary treatment for his serious dental health needs relating to that tooth. The court construes the complaint liberally as also requesting damages.

## Discussion

I.  Eighth Amendment

  A.  Standard

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Abernathy v. Anderson, 984 F.3d 1, 6 (1st Cir. 2020) (citations omitted). The Eighth Amendment requires prison officials to provide humane conditions of confinement, including medical services and dental health care. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Board v. Farnham, 394 F.3d 469, 480 (7th Cir. 2005) ("'dental care is one

3

of the most important medical needs of inmates'" (citation omitted)).

An Eighth Amendment claim challenging the adequacy of prison health care services, including dental care, has both an objective and a subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" Farmer, 511 U.S. at 834 (citations omitted). The objective component may be established by evidence of a health need, "that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Miranda-Rivera v. Toledo-Dávila, 813 F.3d 64, 74 (1st Cir. 2016). "[D]ental pain accompanied by various degrees of attenuated medical harm may constitute an objectively serious medical need." Board, 394 F.3d at 480 (citing cases regarding, among other things, "deterioration of teeth due to lack of treatment")).

To prevail on an Eighth Amendment claim, a prisoner must also present evidence of the defendant's culpable state of mind. See Kosilek v. Spencer, 774 F.3d 63, 83 (1st Cir. 2014). A showing of deliberate indifference to a substantial risk of serious harm satisfies the subjective prong of an Eighth Amendment claim. See Farmer, 511 U.S. at 834. To establish deliberate indifference, the prisoner must demonstrate that defendants were aware of facts that gave rise to an inference

4

that a substantial risk of serious harm existed; defendants drew the inference that such a risk existed; and defendants, by act or omission, did not take reasonable steps to ameliorate the risk. See id. at 828-29; Leite v. Bergeron, 911 F.3d 47, 52-53 (1st Cir. 2018).

"'Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'" Kosilek, 774 F.3d at 83 (citation omitted). A showing of a defendant's inadvertence or negligence is insufficient to satisfy the subjective component of an Eighth Amendment claim. See id.; Ruiz-Rosa v. Rullan, 485 F.3d 150, 156 (1st Cir. 2007) ("substandard care, malpractice, negligence, inadvertent failure to provide care, and disagreement as to the appropriate course of treatment are all insufficient to prove a constitutional violation" (internal citations and quotation marks omitted)).

B. Supervisory Liability & Claim 1

A federal civil rights statute, 42 U.S.C. § 1983, provides a cause of action for Mr. Fortune's Eighth Amendment claim. "Generally, a supervisor cannot be held liable under § 1983 on a respondeat superior theory." Justiniano v. Walker, 986 F.3d 11, 20 (1st Cir. 2021). In other words, "§ 1983 liability cannot rest solely on a defendant's position of authority." Ramírez-Lluveras v. Rivera-Merced, 759 F.3d 10, 19 (1st Cir. 2014). The liability of a supervisor must be based on

5

his or her own actions or inactions that caused the violation, or on a showing that his or her conduct "'led inexorably to'" a subordinate's violation of the plaintiff's constitutional rights. Justiniano, 986 F.3d at 20 (citation omitted). "'Deliberate indifference alone does not equate with supervisory liability,' but rather 'causation is also an essential element, and the causal link between a supervisor's conduct and the constitutional violation must be solid.'" Id. (internal citations and brackets omitted).

    Here, Claim 1 premises defendants' liability on their alleged deliberate indifference to the delay in treating Mr. Fortune's serious dental health needs.  The facts alleged in the Complaint, including Mr. Fortune's allegations concerning his diagnosed condition, his grievances, the delayed treatment, and the lack of a regular dentist at NCF, appear sufficient to state an Eighth Amendment deliberate indifference claim upon which relief can be granted as to the supervisory defendants responsible for arranging for dental services.  Accordingly, in the Order issued this date, the court directs service upon the defendants and directs them to file an answer or other response to the Complaint, with respect to Claim 1, as summarized in this Report and Recommendation.

6

II. Eleventh Amendment

The Complaint does not specify whether and to what extent damages are requested in this action. In the Order issued this date, the court has directed service upon defendants in their official capacities as to the claim for injunctive relief and in their individual capacities as to the claim for damages. The Eleventh Amendment precludes a claim for damages against defendants in their official capacities. See Davidson v. Howe, 749 F.3d 21, 27-28 (1st Cir. 2014). Accordingly, the district judge should dismiss any request for damages asserted against defendants in their official capacities, to the extent such damages are sought.

## Conclusion

For the foregoing reasons, the district judge should dismiss the official capacity claims for damages in this action. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the

7

district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

                                               _____
                                               Andrea K. Johnstone
                                               United States Magistrate Judge

May 25, 2023

cc:   John Fortune, pro se